IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00488-BNB

FRANCISCO M. MARTINEZ,

    Plaintiff,

v.

MARIA DOLORES INFANTE MILTOS ALIAS (LOLA), In her Individual and Official Capacities,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 24 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Francisco M. Martinez, initiated this action by filing a *pro se* Complaint. Mr. Martinez asserts jurisdiction pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The Court must construe the Complaint liberally because Mr. Martinez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Martinez will be ordered to file an Amended Complaint.

Mr. Martinez's Complaint is deficient because he has not used the Court-approved Complaint form that *pro se* litigants are required to use. Pursuant to Rule 8.1A. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[a] *pro se* party shall use the forms established by this court to file an action." Mr. Martinez has submitted the proper form, but rather than completing the

form he simply refers to an attachment, which is a copy of the original Complaint that he submitted to the Court on February 20, 2009. Therefore, Mr. Martinez will be ordered to file an Amended Complaint and submit his claims on the Court-approved Complaint form.

The Court also finds that Mr. Martinez's Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the Mr. Martinez is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Martinez fails to set forth a short and plain statement of his claims showing

that he is entitled to relief. Mr. Martinez's claims are repetitive and unnecessarily verbose. Therefore, Mr. Martinez will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Mr. Martinez is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims.

It also is not clear who Mr. Martinez intends to sue in this action. Mr. Martinez lists only Maria Dolores Infante Miltos Alias in the caption of the Complaint. In the body of the Complaint, however, Mr. Martinez names several other entities and persons from whom he seeks money damages.

Finally, Mr. Martinez is instructed that to state a claim in this Court he must state with specificity what each named defendant did to him, when they did it, how their action harmed him, and what specific legal right they violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Martinez file **within thirty days from the date of this Order** an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Martinez, together with a copy of this Order, two copies of the Court-approved form for filing a Complaint. It is

FURTHER ORDERED that if Mr. Martinez fails within the time allowed to file an Amended Complaint, as directed, the action will be dismissed without further notice.

DATED March 24, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00488-BNB

Francisco M. Martinez
12632 East Frontage Rd.
Longmont, CO 80504

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 3/24/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk